Priority ☒
Send ☒
Enter ☒
Closed ☒
JS-5/JS-6 ☒
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES--GENERAL

**Case No.:** CV 06-989-AHM(CTx)          **Date:** February 20, 2007

**Title:** SG SERVICES, INC. v. GOD'S GIRLS LLC, et al.
================================================================
**DOCKET ENTRY:**
================================================================
**PRESENT:**       Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Maloney
Deputy Clerk

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                None present

**PROCEEDINGS:** (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER)

The parties' request for a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE**.

The court declines to sign the overly broad proposed protective order. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added). Thus, a protective order should describe the specific documents for which protection is sought in a meaningful fashion as well as the specific prejudice or harm that will result from disclosure of those documents. It is not sufficient to use conclusory terms. The proposed order does not set forth good cause with respect to the specific documents to be protected (see Proposed Stipulated Order at ¶ 2) and leaves it up to the parties to determine which groups of documents fall into the categories that will be deemed confidential. The parties may agree to keep documents confidential, but without a specific showing of good cause, the court will not enter an order preventing others from obtaining access to the documents. The parties should consider whether some or all of the documents at issue can be exchanged in redacted form or whether they can enter into a confidentiality agreement among themselves, obviating the need for a protective order from the court.

Additionally, the parties are advised that a protective order



sought from the magistrate judge only applies to information *exchanged in discovery and other proceedings before the magistrate judge.* The February 26, 2007 discovery cutoff is only a few days away and the proposed order would govern use of information in all pre-trial court proceedings, which would include motions and other proceedings before the district judge. (See Proposed Stipulated Order at Recitals, ¶¶ 6, 13). The proposed order also survives the termination of the action and provides for continuing jurisdiction post-termination. (See Proposed Stipulated Order at ¶ 20). Any request for protection or to file documents with the district judge under seal in proceedings, including motions, before the district judge should be made to the district judge. Such application should clearly state in the caption that the request *does not relate to a discovery dispute* so the application will not be routed to the magistrate judge.

Moreover, as the parties apparently recognize (see Stipulated Proposed Order at ¶ 13), the parties should not include any language in the proposed order that restricts or otherwise limits the use of confidential information at trial without first seeking an order from the district judge assigned to the case. In general, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

Further, the court will not agree ahead of time that any pleading, paper or other document that contains or discloses confidential information may be filed under seal. To the extent that the parties wish to file a document or documents containing confidential information under seal they must comply with the requirements of Local Rule 79 and seek to file only the confidential portions of such documents under seal. They should state their basis for seeking to file the document(s), or portions thereof, under seal in the application. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-81 (9th Cir. 2006)(reviewing the right of access to judicial records and the requirements for filing documents under seal in support of non-dispositive and dispositive motions).


cc:     Judge Matz

        Gary J. Lorch, Esq.
        Aaron P. Rudin, Esq.
        Gordon & Rees LLP
        633 West Fifth Street, Suite 4900
        Los Angeles, CA 90071

Roy L. Anderson, Esq.
Wagner, Anderson & Bright, LLP
3541 Ocean View Blvd.
Glendale, CA 91207

Jeremy Sugerman
Gordon-Creed, Kelley, Holland Sugerman
222 Kearny St. Suite 650
San Francisco, CA 94108

William N. Mehlhaf, Esq.
Matthew A. Levin, Esq.
Markowitz, Herbold, Glas & mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3730

Paul E. Loving, Esq.
Paul Loving P.C.
5055 North Greely Avenue
Portland, OR 97217

**MINUTES FORM 11**                                    Initials of Deputy Clerk_____
**CIVIL-GEN**

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              2409
RECIPIENT ADDRESS     913239626999
DESTINATION ID
ST. TIME              02/20 12:00
TIME USE              00'30
PAGES SENT            3
RESULT                OK
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES--GENERAL

**Case No.:** CV 06-989-AHM(CTx)          **Date:** February 20, 2007

**Title:** SG SERVICES, INC. v. GOD'S GIRLS LLC, et al.

================================================================
**DOCKET ENTRY:**
================================================================

**PRESENT:**    Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Malone
Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                None present

**PROCEEDINGS:** (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER)

The parties' request for a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE.**

The court declines to sign the overly broad proposed protective order. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added). Thus, a protective order should describe the specific documents for which protection is sought in a meaningful fashion as well as the specific prejudice or harm that will result from disclosure of those documents. It is not sufficient to use conclusory terms. The proposed order does not set forth good cause with respect to the specific documents to be protected (see

```
*********************
***  TX REPORT  ***
*********************

TRANSMISSION OK

TX/RX NO              2408
RECIPIENT ADDRESS     914154213150
DESTINATION ID
ST. TIME              02/20 11:59
TIME USE              00'35
PAGES SENT            3
RESULT                OK
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 06-989-AHM(CTx)     **Date:** February 20, 2007

**Title:** SG SERVICES, INC. v. GOD'S GIRLS LLC, et al.

**DOCKET ENTRY:**

**PRESENT:** Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Malone
Deputy Clerk                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
None present                          None present

**PROCEEDINGS:** (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER)

The parties' request for a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE**.

The court declines to sign the overly broad proposed protective order. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added). Thus, a protective order should describe the specific documents for which protection is sought in a meaningful fashion as well as the specific prejudice or harm that will result from disclosure of those documents. It is not sufficient to use conclusory terms. The proposed order does not set forth good cause with respect to the specific documents to be protected (see

```
**********************
*** TX REPORT ***
**********************

TRANSMISSION OK

TX/RX NO                  2406
RECIPIENT ADDRESS         96804470
DESTINATION ID
ST. TIME                  02/20 11:57
TIME USE                  00'29
PAGES SENT                3
RESULT                    OK
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES--GENERAL

**Case No.:** CV 06-989-AHM(CTx)              **Date:** February 20, 2007

**Title:** SG SERVICES, INC. v. GOD'S GIRLS LLC, et al.

======================================================================

**DOCKET ENTRY:**

======================================================================

**PRESENT:**    Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Malone
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
None present                          None present

**PROCEEDINGS:** (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER)

The parties' request for a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE**.

The court declines to sign the overly broad proposed protective order. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added). Thus, a protective order should describe the specific documents for which protection is sought in a meaningful fashion as well as the specific prejudice or harm that will result from disclosure of those documents. It is not sufficient to use conclusory terms. The proposed order does not set forth good cause with respect to the specific documents to be protected (see

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                2407
RECIPIENT ADDRESS       918182499335
DESTINATION ID
ST TIME                 02/20 11 58
TIME USE                00'58
PAGES SENT              3
RESULT                  OK
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES--GENERAL

**Case No.:** CV 06-989-AHM(CTx)    **Date:** February 20, 2007

**Title:** SG SERVICES, INC. v. GOD'S GIRLS LLC, et al.

**DOCKET ENTRY:**

**PRESENT:** Hon. CAROLYN TURCHIN, MAGISTRATE JUDGE

Deborah Malone
Deputy Clerk

Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:
None present

ATTORNEYS PRESENT FOR DEFENDANTS:
None present

**PROCEEDINGS:** (DENYING REQUEST TO SIGN STIPULATED PROTECTIVE ORDER)

The parties' request for a stipulated protective order has been referred to the magistrate judge and is **DENIED WITHOUT PREJUDICE.**

The court declines to sign the overly broad proposed protective order. Confidential material should be narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document it seeks to protect*, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added). Thus, a protective order should describe the specific documents for which protection is sought in a meaningful fashion as well as the specific prejudice or harm that will result from disclosure of those documents. It is not sufficient to use conclusory terms. The proposed order does not set forth good cause with respect to the specific documents to be protected (see