ORIGINAL



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SG SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOD'S GIRLS, LLC, et al., <br><br> Defendant(s). <br><br> GOD'S GIRLS LLC, <br><br> Counter-Claimant, <br><br> v. <br><br> SG SERVICES, INC., et al., <br><br> Counter-Defendants. | CASE NO. CV 06-989 AHM (CTx) <br><br> ORDER RE ATTORNEYS' FEES |



On July 24, 2007, I granted Defendants' motion for attorneys' fees for work performed in defending Plaintiff's copyright claims. I specifically ordered Defendants "to file a revised declaration (or declarations) and accompanying evidence setting forth in precise detail the basis for fees claimed by Defendants for work specifically performed defending against the copyright infringement claim. If

certain work was performed both on that claim and Plaintiff's other claims, Defendants shall allocate the time spent on the copyright infringement claim proportionally." (July 24, 2007 Order at 8.)

In response, Defendants submitted a supplemental declaration of Gary Lorch ("Supp. Decl."). He responded to the Court's Order as follows:

> "Because of the manner in which this case was litigated, it is difficult to allocate with any degree of precision, the portion of the total $182,862.50[1] in attorneys' fees that was expended solely on defending the copyright claim. (Supp. Decl. ¶ 4.) Defendants respectfully submit that all of the work performed in this case by attorneys at Gordon & Rees LLP in defense of the federal claims contributed, *at least in part*, to the successful defense of the copyright claim. For this reason, and on behalf of Defendants, I respectfully request an award of not less than $182,862.50 in fees." (*Id.* (emphasis added).)

Lorch did go on to admit, however, that "There was work performed by attorneys that specifically referenced the copyright claim." *Id.*, ¶ 5. He declared that 5.1 hours were clearly allocated to the defense of Plaintiff's copyright claim, by associate attorneys who billed at $275 per hour, for a total of $1,402.75. (Supp. Decl. ¶ 6.) Although Lorch specified these copyright-related hours, he concluded that "if the court is inclined, 25% represents a fair allocation." (Supp. Decl. ¶ 7.)

Plaintiff submitted a responsive declaration of Matthew Levin, which pointed out that defendant could and did allocate the prescribed time, that "the only real issue" in connection with the copyright claims was whether Plaintiff had registered its marks, (*Id.*) and that Defendants devoted only one paragraph out of 48 total pages of summary judgment briefing to discussing that dispositive issue.

---

[1] Defendants' basis for computing this total amount is set forth in Lorch's June 7, 2007 declaration.

1 | Plaintiff went on to provide its own review of the invoices submitted by Defendant and urged that only the $2,680 clearly allocated to the defense of the copyright claims be awarded. (Levin Decl. ¶ 3.)

I agree with Plaintiff. The evidence does not support Defendants' argument that its work on the copyright claims is not severable from its work on the other, federal law claims. Such a division is clearly possible - - certainly more so than Defendants suggest, as evidenced by the fact that the Defendants themselves point to billing that was allocated exclusively to the copyright claims. (*See* Supp. Decl. ¶ 6). Defendants apparently made little or no meaningful attempt to identify other work that was dedicated solely to defending against the copyright claim.

It would not be appropriate to accept, without further explanation or justification, Defendants' unsupported assertion that the defense of the copyright claims accounted for 25% of their time. That is too arbitrary, does not comply with the Court's Order and impermissibly asks the Court to accept a representation that is inconsistent with Defendants' contention that a division is not possible.

Accordingly, I award $2,680 in attorneys' fees, the amount suggested by Plaintiff.

IT IS SO ORDERED.

DATED: August 31, 2007

A. HOWARD MATZ
United ed States District Judge

3